**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MATHEW PRICE and )
SANDRA EMERSON, )
individually and on behalf of a class, )
)
Plaintiff, )
)
v. )
)
FREEDMAN, ANSELMO )
LINDBERG, LLC )
and DOES 1-10, )
)
Defendants. )

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiffs, Mathew Price and Sandra Emerson, bring this action against defendant Freedman, Anselmo, Lindberg, LLC ("FAL"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this District because the collection activities at issue were conducted at defendant's office in Naperville, Illinois, within this District.

## PARTIES

4. Plaintiffs Mathew Price and Sandra Emerson own a home in Oak Park, Illinois, which they purchased for use as a residence. The debt at issue was entered into to make such purchase.

5. FAL is a limited liability company entity with offices at 1807 West Diehl Road, Suite 3328, Naperville, Illinois 60563.

6. FAL regularly collects residential mortgage debts through correspondence

and lawsuits, using the mails and telephone system for that purpose.

7. FAL states on its web site (http://www.falrlaw.com) that "Freedman Anselmo Lindberg LLC (FAL) is a leader in creditor's collections and bankruptcy representation. . . . Our capabilities in the area of creditors' rights are unequaled in that we have a sizable, experienced staff, including clerks, collectors, skip tracers and paralegals, who concentrate exclusively on creditors' rights claims. More importantly, our efficient CLS Collection Master© system enables us to provide our clients with timely status and collection reports, and we can generate court forms without delay for all counties statewide. Commissions are computed automatically, and remittances on clear funds can be forwarded immediately, even electronically via wire or ACH transfer. Volume clients can elect to receive payments in the form of detailed, combined reports at time intervals suited to their particular needs. We are EDI ready, servicing various nationwide collection networks. Automated tickler systems track payment schedules and court dockets for increased efficiency and collections. Our dialer system assures regular follow up. Our Naperville office is completely secure, camera covered and compliant with all client privacy standards. FAL are collections professionals, and are members of the Trans Union and Equifax reporting networks and employ national information databases to assist in location and asset tracing. Our experience in representing credit grantors, retailers and financial institutions gives us the clear edge to professionally collect their past due debts. Our telephone collectors are routinely trained in FDCPA compliance, maintaining a 'collect with dignity' approach. FAL charges a most competitive fully contingent fee rate on retail collections. Flat fee and hourly pricing is also available."

8. FAL also states on its web site that"Freedman Anselmo Lindberg, LLC (FAL) is a full-service foreclosure law firm. Since 1980 the firm has provided counsel to its clients in the areas of foreclosure, bankruptcy and REO transactions. FAL conforms its work to the standards of the client as well as the standards set forth by Fannie Mae, Freddie Mac , FHA and V.A. . . . The firm's capabilities in the area of creditors' rights are unequaled in that it has a sizable,

experienced staff, including attorneys, clerks, and paralegals, who concentrate exclusively on the entire residential foreclosure process. . . . "

9. FAL is a debt collector as defined in the FDCPA.

**FACTS**

10. On or about August 2, 2012, defendant sent plaintiffs Mathew Price and Sandra Emerson the letter attached as Exhibit A, seeking to collect an allegedly delinquent residential mortgage debt.

11. Exhibit A was the first letter plaintiffs Mathew Price and Sandra Emerson received from defendant regarding the debt described therein.

12. On information and belief, Exhibit A was the first letter defendant sent plaintiffs Mathew Price and Sandra Emerson regarding the debt.

13. On information and belief, Exhibit A is a form or template letter intended for use by defendant as the initial letter it sends to a consumer.

14. Exhibit A states that the creditor is JP Morgan Chase Bank, N.A.

15. The creditor was not JP Morgan Chase Bank, N.A.

16. It is the policy and practice of defendant to send initial demand letters on residential mortgage debts which do not disclose the current creditor, but instead lists the mortgage servicer as the current creditor.

17. The difference between the servicer and the creditor is important because the consumer has different rights with respect to each.

18. On information and belief, a letter in the form represented by Exhibit A is sent to each person against whom FAL files a foreclosure action, as well as some persons against whom no foreclosure is filed.

**COUNT I – FDCPA**

19. Plaintiffs incorporate paragraphs 1-18.

20. Defendant thereby violated 15 U.S.C. §1692g.

21. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

22. In addition, the letters contained false statements, in violation of 15 U.S.C. §§1692e and 1692e(10).

23. 15 U.S.C. §1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ALLEGATIONS

24. Plaintiffs bring suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

25. The class consists of (a) all individuals (b) to whom defendant sent a letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action (d) which letter was sent to the same address as that of the mortgage premises (e) and listed the mortgage servicer as the "creditor."

26. The number of class members is so numerous that joinder is impracticable.

27. FAL files about 300 Illinois foreclosure cases per month. On information and belief, a letter in the form represented by Exhibit A was sent to each defendant borrower, as well as to others not sued.

28. Based on its web site, FAL has standardized methodologies for filling out letters such as Exhibit A.

29. On information and belief, there are more than 500 individuals to whom defendant sent a letter in the form represented by Exhibit A on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action, which letter was sent to the same address as that of the mortgage premises and listed the mortgage servicer as the "creditor."

30. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The common questions include:

a. Whether defendant engaged in a practice of disclosing the mortgage servicer as the "creditor;" and

b. Whether doing so violated the FDCPA.

31. Plaintiffs' claims are typical of the claims of the class members. All are

based on the same facts and legal theories.

32. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in class action and FDCPA litigation.

33. A class action is superior to other available methods for the full and efficient adjudication of the controversy. Individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

(1) A declaration that defendant's conduct violates the FDCPA;

(2) Statutory damages;

(3) Attorneys' fees, litigation expenses and costs of suit; and

(4) Such other relief as this Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27352\Pleading\Complaint_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

LAW OFFICES

# FREEDMAN ANSELMO LINDBERG LLC

1807 WEST DIEHL ROAD SUITE 333 NAPERVILLE, ILLINOIS 60563-1890
P.O. BOX 3228, NAPERVILLE, ILLINOIS 60566-7228
630/983-0770 FAX 630/983-1487

LOUIS S. FREEDMAN
THOMAS J. ANSELMO
STEVEN C. LINDBERG *
JEROME E. RILEY
DOUGLAS A. OLIVER
BARBARA NILSEN
CLAY A. MOSBERG
MELISSA A. NESHEIM **
KARL V. MEYER
MARY E. SPITZ
BRYAN D. HUGHES
MICHAEL R. POLK
ANN W. LOPEZ
JONATHAN D. NUSGART ***

MICHAEL S. BABLO
WILLIAM B. KALBAC
JOHN K. GERRITY
G. STEPHEN CARAVAJAL, JR.
ROSEMARIE A. HOBBS
JARED DUKE
CHRISTOPHER S. IARIA
CHRISTOPHER R.G. WELDON

* ALSO LICENSED IN FLORIDA
** ALSO LICENSED IN CONNECTICUT
*** ALSO LICENSED IN CALIFORNIA

August 2, 2012

Redacted

Re: [redacted]
JPMorgan Chase Bank, National Association
Account Number: [redacted] 2289
Our File Number [redacted]

You are hereby informed of the following:

1. This is an attempt to collect a debt and any information obtained will be used for that purpose.

2. This office is a debt collector and represents the holder of a Mortgage and Note on the above captioned property.

3. JPMorgan Chase Bank, National Association is the creditor to whom the debt is owed.

4. As of the date of this letter, the amount of the above debt is $ 435,363.75. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after my client receives your check, in which event either our firm or our client will inform you before depositing the check for collection. For further information, write the undersigned or call 866-402-8661.

   Since you have been discharged in bankruptcy, you will not be personally liable for the above debt, however, our client may be entitled to foreclose on its mortgage.

5. Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by our office.

6. If you notify our office in writing, within the thirty (30) day period, that the debt or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by our office.

7. If the creditor named in this letter is not the original creditor and if, within the same thirty (30) day time period, you request in writing the name and address of your original creditor, we will furnish you with that information.

8. The law does not require me to wait until the end of the thirty day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

Very truly yours,

FREEDMAN ANSELMO LINDBERG LLC R172